# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT,<br><br>  Plaintiff,<br><br>  v.<br><br>SELECT SERVICES PORTFOLIO, et al.,<br><br>  Defendants. | Case No.  1:16-cv-1642-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES<br><br>(ECF Nos. 2, 5)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

**I.**

**PROCEDURAL HISTORY**

Plaintiff Mary Bryant, proceeding pro se, filed this action on October 31, 2016.  (ECF No. 1.) Along with her complaint, Plaintiff filed an application to proceed in this action without prepayment of fees. (ECF No. 2.) Upon reviewing Plaintiff's application, the Court found that it was insufficient to determine if Plaintiff was entitled to proceed without prepayment of fees in this action.  On November 3, 2016, an order issued requiring Plaintiff to file a long form application to proceed without prepayment of fees or pay the filing fee in this action within twenty days.  (ECF No. 3.)  Plaintiff did not comply with the November 3, 2016 order.  On December 7, 2016, findings and recommendations issued recommending dismissing this action for Plaintiff's failure to pay the filing fee or file an application to proceed without prepayment of

1

fees. (ECF No. 4.)

On December 19, 2016, Plaintiff filed the instant application to proceed without prepayment of fees. (ECF No. 5.) Concurrently with this findings and recommendations, the Court will be issuing an order vacating the December 7, 2016 findings and recommendations. The Court has reviewed Plaintiff's long form application to proceed without prepayment of fees and finds that Plaintiff has not demonstrated entitlement to proceeding in this action without payment of the filing fee.

## II.

## DISCUSSION

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Plaintiff's original application to proceed without prepayment of fees states that no other person depends upon Plaintiff for support. (ECF No. 2 at 2.) The 2016 Poverty Guidelines for the 48 contiguous states for a household of one is $11,880.00. 2016 Poverty Guidelines, http://aspe.hhs.gov/poverty/15poverty.cfm (last visited December 20, 2016).

Plaintiff states that for December 2016 she received $1,800.00 per month from employment; $1,500.00 per month from rental property; and $320.00 per month from retirement. This totals $3,630.00 for the month. Based upon her December income sources, this amounts to $43,440.00 per year. Plaintiff also indicated that she owns three homes "in litigation" that total in value $208,000.00. (ECF No. 5 at 3.)

Plaintiff's application to proceed in forma pauperis demonstrates that Plaintiff is able to pay the $400.00 filing fee in this action. Plaintiff reported $3,630.00 in income and only $725.00 in monthly expenses. (ECF No. 5 at 5.) Plaintiff states that she is expecting income of $1,820.00 next month. For the year, this will amount to $21,840.00 in yearly income. This

amount is still well above the poverty level. Even considering that Plaintiff has indicated she is expecting to receive less income in January, Plaintiff's income compared to expenses demonstrates that she is able to pay the $400.00 filing fee. Based upon both her current and anticipated monthly income, Plaintiff's income exceeds her expenses by well over $1,000.00 per month. For these reasons, the Court finds that Plaintiff is not eligible to proceed in this action without prepayment of fees.

### III.

### CONCLUSION AND RECOMMENDATIONS

Based upon the foregoing, the Court finds that Plaintiff is not eligible to proceed in forma pauperis under 28 U.S.C. § 1915. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's application to proceed in forma pauperis is DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty (20) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 20, 2016**

UNITED STATES MAGISTRATE JUDGE