# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT,<br><br>                    Plaintiff,<br><br>          v.<br><br>SELECT SERVICES PORTFOLIO, et al.,<br><br>                    Defendants. | Case No.  1:16-cv-1642-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO PAY FILING FEE<br><br>(ECF No. 12)<br><br>FOURTEEN DAY DEADLINE |

**I.**

**BACKGROUND**

Plaintiff Mary Bryant, proceeding pro se, filed this action on October 31, 2016.  Along with her complaint, Plaintiff filed an application to proceed in this action without prepayment of fees.  On December 20, 2016, a findings and recommendations issued finding that Plaintiff had not demonstrated that she was entitled to proceed without prepayment of fees in this action.  The findings and recommendations was adopted on January 12, 2017; and Plaintiff was ordered to pay the filing fee within thirty days.  More than thirty days have passed; and Plaintiff has not paid the filing fee or otherwise responded to the January 12, 2017 order.

/ / /

/ / /

1

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff was ordered to pay the filing fee within thirty days of the January 12, 2017 order. In the order, Plaintiff was advised that failure to comply with the order would result in this action being dismissed. (ECF No. 12 at 2.) More than thirty days have passed and Plaintiff has not paid the filing fee in this action, or otherwise responded to the Court's order. Plaintiff has failed to comply with the order requiring her to pay the filing fee. For this reason, the Court recommends that this action be dismissed.

## III.

## CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to pay the filing fee in compliance with the Court's order.

These findings and recommendations are submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 21, 2017**

UNITED STATES MAGISTRATE JUDGE